STATE OF NORTH CAROLINA
COUNTY OF DURHAM

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 25 CVS 25CV011705-310

PRINCESS HARRIS, *on behalf of herself and all others similarly situated*,

Plaintiff,

v.

LENDWYSE, LLC,

Defendant.

**CLASS ACTION COMPLAINT**
**(JURY TRIAL DEMANDED)**

---

Plaintiff Princess Harris ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant LendWyse, LLC ("LendWyse"), alleging and stating as follows. All allegations are being made on information and belief except as to Plaintiff's own actions, of which she has personal knowledge.

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers," *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public-safety interests, and commercial freedoms." *Id.* § 2(9).

2. The law sets out a consumer-driven process that allows objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's

JG

web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019). North Carolina has adopted a corollary law, the North Carolina Telephone Solicitations Act ("NCTSA"), which serves purposes similar to those served by the TCPA.

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA and NCTSA, alleging that Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, together with violations of North Carolina law.

## PARTIES

4. Plaintiff Princess Harris is an individual residing in North Carolina.

5. Defendant LendWyse is a Delaware limited-liability company. It is a lender/broker that describes itself as helping consumers find unsecured consumer installment loans, sometimes

debt consolidation or personal loans. It maintains a single principal place of business at 6915 Red Road, Suite 212, Coral Gables, Florida 33146.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Defendant, because it does business in Durham County, because it directs its conduct into Durham County, including by texting numbers with a 252, 919, and other area codes of Durham residents. This Court furthermore has jurisdiction over Defendant pursuant to N.C. GEN STAT. § 75-16.

7. Venue is proper pursuant to N.C. GEN STAT. § 1-80 because Defendant regularly does business in Durham County, including marketing to and contracting with individuals who reside in Durham County.

## BACKGROUND

### A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.

8. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B. The NCTSA Protects North Carolina Residents From Unwanted and Harassing Telemarketing Activity.**

12. Recognizing the particular harm that illegal telemarketing does to both residents of North Carolina and recognizing the particular harm caused by harassing unsolicited phone calls cause to North Carolina's business climate and North Carolina residents, the North Carolina General Assembly passed the NCTSA in 2003 and codified it at N.C. GEN STAT. § 75-100 *et seq.*

13. Damages under the NCTSA are set by statute at $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and subsequent violation, in addition to injunctive relief and attorney's fees and costs. N.C. GEN STAT. § 75-105.

14. Like its federal corollary, the NCTSA makes it a predicate offense to make a "telephone solicitation," which is defined as a "voice or text communication," to a telephone subscriber's number if the number appears in the latest edition of the "Do Not Call" Registry. N.C. GEN STAT. § 75-102(a).

15. Accordingly, Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA and the NCTSA. Specifically, Plaintiff alleges that Defendant violated the TCPA and the NCTSA by knowingly making telemarketing calls in the form of text messages to the telephone numbers of Plaintiff and the putative Class, all of which are—and, at all relevant times, have been—listed on the Do-Not-Call Registry without the written consent of Plaintiff or any member of the putative Class.

## FACTUAL ALLEGATIONS

16. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. At no point did Plaintiff consent to receiving telemarketing calls or text messages from the Defendant prior to receiving the calls at issue.

18. Plaintiff's telephone number, (252) XXX-XX81, is a residential, non-commercial telephone number.

19. Ms. Harris uses the number for personal, residential, and household reasons.

20. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

21. Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

22. Plaintiff has had this telephone number for many years.

23. Plaintiff's telephone number has been listed on the National Do Not Call Registry since at least October 2007.

24. Plaintiff has never been a customer of LendWyse.

25. Plaintiff has never provided her phone number to LendWyse.

26. Despite that fact, the Plaintiff received multiple telemarketing text messages from (252) 659-4873.

27. The text messages all offered a "personal loan" of $65,000.

28. Under the TCPA and associated regulations, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

29. Plaintiff e-mailed Defendant on July 24, 2025, asking Defendant to explain the illegal text messages and provide justification. Defendant did not respond.

30. Plaintiff e-mailed Defendant on September 7, 2025, again asking Defendant to explain the illegal text messages and provide justification.

31. On September 12, 2025, Plaintiff received a phone call from Connie Kondik of the Law Office of Connie L. Kondik, PLLC, to discuss Plaintiff's allegations against LendWyse. Plaintiff did not discuss anything with Ms. Kondik at that time.

32. Plaintiff and Ms. Kondik spoke over the phone on September 25, 2025. Ms. Kondik could not provide specific or individualized facts explaining why LendWyse began contacting Plaintiff.

33. However, Ms. Kondik did not deny that LendWyse had solicited the Plaintiff.

34. The calls were unwanted.

35. The calls were nonconsensual encounters.

36. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

37. Plaintiff never provided her consent to LendWyse, nor did Plaintiff ever request these calls.

38. Plaintiff and the Classes have been harmed by the acts of Defendant in that their privacy has been violated and in that they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**CLASS ACTION ALLEGATIONS**

39. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

40. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to North Carolina Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint and continues to the date of trial.
>
> **NCTSA Class:** All persons within North Carolina whose: (1) North Carolina Area Code telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received a telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's services, (3) at any time in the period that begins four years before the date of filing this Complaint and continues to the date of trial.

41. **Numerosity**: The exact numbers of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records and/or those of Defendant's agents.

42. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

43. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant have no defenses unique to Plaintiff.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether Defendant texted North Carolina telephone numbers on the Do Not Call Registry;

c. Whether Defendant texted other telephone numbers on the Do Not Call Registry;

d. Whether Defendant have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

e. Whether Defendant should be held liable for violations committed on its behalf; and

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

45. **Superiority**: Class treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members in each class, such that joinder of all members is impracticable.

46. In addition to satisfying these prerequisites, Plaintiff alleges that class treatment is furthermore appropriate because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**<u>COUNT I</u>**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

47. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

49. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

50. These violations were willful or knowing.

51. As a result of Defendant's violations of the TCPA's national do-not-call rule, and/or such violations by Defendant's affiliates, agents, and/or other persons or entities acting on Defendant's behalf, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

52. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT II**
**Violations of the NCTSA, of N.C. GEN STAT. § 75-101**
**(On Behalf of Plaintiff and the NCTSA Class)**

53. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

54. It is a violation of the NCTSA to initiate any telephone solicitation to a North Carolina telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. N.C. GEN STAT. § 75-102(a).

55. Defendant and/or its affiliates, agents, and/or other persons or entities acting on its behalf violated the NCTSA by causing telephone solicitations to be delivered to Plaintiff and members of the NCTSA Class, despite each member's registration of his or her telephone numbers on the National Do Not Call Registry.

56. As a result of Defendant's violations of the NCTSA, N.C. GEN STAT. § 75-101 *et seq.*, and/or such violations by affiliates, agents, and/or other persons or entities acting on



Case 1:25-cv-01091-CCE-JEP Document 1-1 Filed 12/02/25 Page 14 of 15 / Case 1:25-cv-01091-CCE-JEP Document 1 Filed 12/02/25 Page 10 of 12

Defendant's behalf, Plaintiff and members of the NCTSA class are entitled to and do seek an award of $500 in damages for the first violation, $1,000 for the second violation, and $5,000 for the third and subsequent violation, in addition to injunctive relief and attorneys' fees and costs, pursuant to N.C. GEN STAT.. § 75-105(b)(1), (b)(2), and (d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the Classes as alleged herein;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned as counsel for the Classes;

D. Damages to Plaintiff and members of the DNC Class pursuant to 47 U.S.C. § 227(c)(5);

57. Damages to Plaintiff and members of the NCTSA Class pursuant to N.C. GEN STAT.. § 75-105(b)(1), (b)(2), and (d).

58. Injunctive relief for Plaintiff and members of the Class, pursuant to 47 U.S.C. § 227(c)(5), and N.C. GEN STAT. § 75-105(b)(1), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry;

E. Attorneys' fees and costs, as permitted by law, including under N.C. GEN STAT. § 75-105(d); and

F. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted and dated this 24th day of October, 2025.

**MAGINNIS HOWARD**

**BY:** *<u>/s/ Karl S. Gwaltney</u>*
KARL S. GWALTNEY
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
Telephone: 919-526-0450
Fax: 919-882-8763
kgwaltney@carolinalaw.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 617-485-0018
Fax: 508-318-8100
anthony@paronichlaw.com
*Motion to appear pro hac vice forthcoming*

*Attorneys for Plaintiff*